IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH SMITH-CENTZ, *on behalf of herself and similarly situated employees*,<br><br>Plaintiff,<br>v.<br><br>SAFRAN TURNEY HOSPITALITY; RESTAURANT 13, INC.; GROCERY 13, INC.; LOCUST13, INC.; and LOLITA RESTAURANT, INC.,<br><br>Defendants. | CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Plaintiff Sarah Smith-Centz ("Plaintiff") brings this class/collective action lawsuit against Defendants Safran Turney Hospitality; Restaurant 13, Inc., Grocery 13, Inc., Locust13, Inc., and Lolita Restaurant, Inc. (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.*, and the Philadelphia Gratuity Protection Bill ("GPB"), Philadelphia Code § 9-614. Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while her PMWA and GPB claims are asserted as a class action under Federal Rule of Civil Procedure 23. See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (FLSA collective actions and Rule 23 class actions may proceed together in same lawsuit). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 29

1

U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over the PMWA and GPB claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Philadelphia, PA (Philadelphia County).

5. Plaintiff is an employee covered by the FLSA, PMWA and GPB and entitled to their protections.

6. Defendant Safran Turney Hospitality ("Safran Turney Hospitality") is a business entity maintaining a principal place of business in Philadelphia, PA (Philadelphia County). Safran Turney Hospitality is owned and operated by Valarie Safran and Marcie Turney.

7. Defendant Restaurant 13, Inc. ("Restaurant 13") is a Pennsylvania corporation maintaining a principal place of business in Philadelphia, PA (Philadelphia County). Restaurant 13 operates a restaurant called "Barbuzzo" located at 110 South 13th Street in Philadelphia. According to the Pennsylvania Department of State, Valarie Safran is the President/Treasurer of Restaurant 13 and Marcie Turney is the Vice President/Secretary. Upon information and belief, Restaurant 13 is a wholly owned subsidiary of Safran Turney Hospitality.

8. Defendant Grocery 13, Inc. ("Grocery 13") is a Pennsylvania corporation maintaining a principal place of business in Philadelphia, PA (Philadelphia County). Grocery 13 operates a restaurant called "Jamonera" located at 101 South 13th Street in Philadelphia. According to the Pennsylvania Department of State, Valarie Safran is the President of Grocery 13 and Marcie Turney is the Vice President/Secretary. Upon information and belief, Grocery 13 is a wholly owned subsidiary of Safran Turney Hospitality.

9. Defendant Locust13, Inc. ("Locust13") is a Pennsylvania corporation maintaining a principal place of business in Philadelphia, PA (Philadelphia County). Locust13 operates two restaurants named "Little Nonna's" and "Bud & Marilyn's" that are both located at 1234 Locust Street in Philadelphia. According to the Pennsylvania Department of State, Valarie Safran is the President of Locust13 and Marcie Turney is the Secretary. Upon information and belief, Locust13 is a wholly owned subsidiary of Safran Turney Hospitality.

10. Defendant Lolita Restaurant, Inc. ("Lolita Restaurant") is a Pennsylvania corporation maintaining a principal place of business in Philadelphia, PA (Philadelphia County). Lolita Restaurant operates a restaurant called "Lolita" located at 106 South 13th Street in Philadelphia. According to the Pennsylvania Department of State, Valarie Safran is the President of Lolita Restaurant and Marcie Turney is the Vice President/Secretary. Upon information and belief, Lolita Restaurant is a wholly owned subsidiary of Safran Turney Hospitality

11. Defendants employ individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

12. Defendants are employers covered by the FLSA, PMWA, and GPB.

## **FACTS**

13. The restaurants "Barbuzzo" "Jamonera" "Little Nonna's" "Bud & Marilyn's" and "Lolita" (collectively the "Restaurants") are each part of the "We Heart 13th Street" restaurant group and are owned, operated, and overseen by Safran Turney Hospitality.

14. As a result of the close corporate and business relationship among Defendants, the Restaurants operate as a single entity.

15. For example, Defendants maintain a common website, http://weheartphilly.com/, in which members of the pubic are able to access information about each of the individual Restaurants. See Exhibit A.

16. The Restaurants also share the same "Beverage Director" and other individual managers who are responsible for the day-to-day operations of the Restaurants including, *inter alia*, ordering supplies from vendors and hiring, firing, disciplining and scheduling employees at each restaurant location.

17. During the past three-years, Defendants have jointly employed at least 60 individuals as servers combined at the Restaurants.

18. The Restaurants' servers are primarily responsible for taking customers' food and drink orders, serving food and drinks to customers, and otherwise waiting on customers at their tables.

19. Plaintiff was employed by Defendants as a server at the Barbuzzo restaurant location from approximately 2014 until approximately July 2018.

20. Defendants paid Plaintiff and other servers at the Restaurants an hourly wage of $2.83 plus tips.

21. In seeking to comply with the FLSA and PMWA mandate that employees receive a minimum wage of $7.25/hour, Defendants have purported to utilize a "tip credit" in the amount of $4.42 ($7.25 - $2.83) for each hour worked by Plaintiff and other servers at each of the Restaurants. See 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

22. Up until approximately August 2017, Defendants required Plaintiff and other servers at each of the Restaurants to pay a portion of the tips he or she received from customers each shift to other employees of the Restaurants.

23. For example, Plaintiff generally paid approximately $10.00 to $20.00 per shift to managers of the Restaurants each day she worked for Defendants at Barbuzzo.

24. Also, on Thursday, Friday or Saturday shifts, Plaintiff generally paid approximately $10.00 to $20.00 per shift to individuals working as silverware polishers who worked outside of the dining area and had no customer contact or interaction.

25. In approximately August 2017, Defendants changed their tip sharing policy described in paragraphs 21-24 above at the Restaurants and stopped requiring servers to share their tips with managers of the Restaurants and silverware polishers.

## COLLECTIVE AND CLASS ALLEGATIONS

26. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of herself and all individuals employed as servers at one of the Restaurants between September 18, 2015 and the date of the change in the Restaurants' tip sharing policy in approximately August 2017.

27. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

28. Plaintiff brings her PMWA and GPB claims pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals employed as servers at one of the Restaurants between September 18, 2015 and the date of the change in the Restaurants' tip sharing policy in approximately August 2017.

29. The putative class, upon information and belief, includes at least 60 individuals, all of whom are readily ascertainable based on Defendants' standard timekeeping and payroll

5

records, and, as such, is so numerous that joinder of all class members is impracticable.

30. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

31. Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

32. Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendants' standardized compensation practices, including Defendants' practices of using the tip credit to satisfy its minimum wage obligations and requiring class members to share tips with silverware polishers and restaurant managers.

33. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging Violations of the FLSA)

34. All previous paragraphs are incorporated as though fully set forth herein.

35. The FLSA entitles employees to a minimum hourly wage of $7.25.

36. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who have little or no direct customer interaction or work as managers/supervisors of the restaurant. See Ford v. Lehigh Valley Restaurant Group, Inc., 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014).

37. By requiring Plaintiff and other servers to share tips with silverware polishers and the Restaurants' manager, Defendants have forfeited their right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other servers. As such, Defendants have violated the FLSA's minimum wage mandate by paying Plaintiff and other servers an hourly wage of $2.83 rather than $7.25.

38. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the PMWA)

39. All previous paragraphs are incorporated as though fully set forth herein.

40. The PMWA entitles employees to a minimum hourly wage of $7.25.

41. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who have little or no direct customer interaction or work as managers/supervisors of the restaurant. See Ford v. Lehigh Valley Restaurant Group, Inc., 2015 Pa. Dist. & Cnty. Dec. LEXIS 11 (P.C.C.P., Lackawanna Cty. Apr. 24, 2015) (Nealon, J.).

42. By requiring Plaintiff and other servers to share tips with Defendants' restaurant managers and silverware polishers, Defendants have forfeited their right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other servers. As such, Defendants have violated the PMWA's minimum wage mandate by paying Plaintiff and other servers an hourly wage of $2.83 rather than $7.25.

## COUNT III
### (Alleging Violations of the GPB)

43. All previous paragraphs are incorporated as though fully set forth herein.

44. The GPB requires that "[e]very gratuity shall be the sole property of the employee or employees to who it was paid, given or left for, and shall be paid over in full to such employee or employees." Phila. Code § 9-614(2)(a).

45. Defendants violated the GPB by requiring Plaintiff and other servers to forfeit a portion of their tips to the Restaurants' manager and silverware polishers.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. $4.42 for every hour worked;

B. Reimbursement of gratuities shared with silverware polishers and restaurant managers;

C. Prejudgment interest to the fullest extent permitted under federal and state law;

D. Liquidated damages to the fullest extent permitted under the FLSA;

E. Exemplary damages to the fullest extent permitted under the GPB;

F. Litigation costs, expenses, and attorneys' fees; and

G. Such other and further relief as this Court deems just and proper.

Date:  September 18, 2018

*(signature)*

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

*Attorneys for Plaintiff*

8

# Exhibit A

